# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 1:17-CR-87-RP-2 |
| | § | |
| FRANCISCO PEREZ-GOMEZ (2) | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
    **UNITED STATES DISTRICT JUDGE**

Before the Court is the United States Probation Office's Petition for Warrant or Summons for Offender Under Supervision recommending that the Court revoke Defendant's term of supervised release (the "Petition") (Dkt. 107). This Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

## Procedural Background

Defendant pled guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) and 846. Dkt. 98. On July 24, 2017, Defendant was sentenced to 70 months imprisonment, to be followed by three years of supervised release. *Id.* His supervision began on February 2, 2022.

In the Petition, filed April 14, 2022, the Probation Officer alleges that Defendant violated the following conditions of supervised release:

> **Mandatory Condition #2:** The defendant shall not unlawfully possess a controlled substance.

**Mandatory Condition #3:** The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

**Nature of Noncompliance:** While on supervised release, Defendant admitted to the continuous use of cocaine. He submitted urine specimens positive for cocaine on:

1. February 10, 2022
2. March 14, 2022
3. March 18, 2022
4. March 28, 2022

Defendant failed to submit a urine specimen as directed on:

1. February 9, 2022
2. March 2, 2022
3. April 4, 2022

He also failed to call the Comply Random Urinalysis program after March 31, 2022.

**Violation of Standard Condition #2:** After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

**Nature of Noncompliance:** The probation officer instructed Defendant to report to the probation office on April 4, 2022, but he failed to report as instructed or respond to any text and voicemail messages from the probation officer.

**Violation of Standard Condition #5:** The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated

2

circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Nature of Noncompliance:** On April 12, 2022, Defendant's aunt reported that he had left the residence, with his belongings, on or about April 4, 2022. Defendant remained in absconder status until July 10, 2023, when he was apprehended on his federal warrant after a traffic stop.

**<u>Violation of Standard Condition #7</u>:** The defendant shall work full time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Nature of Noncompliance:** The offender failed to notify the probation officer that he terminated the employment he began on March 2, 2022 after three days and untruthfully reported on April 1, 2022 that he was still employed.

**<u>Violation of Special Condition</u>:** The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant shall pay the cost of such treatment if financially able.

**Nature of Noncompliance:** Defendant began an intensive outpatient substance abuse treatment program on March 23, 2022. He was scheduled to attend weekly online sessions but has not been in contact with the provider since his initial session.

Defendant waived a preliminary hearing. On July 25, 2023, pursuant to 28 U.S.C. § 636(a) and 18 U.S.C. § 3401(i), this Magistrate Judge conducted a final revocation hearing at which Defendant, his attorney, and an attorney for the United States Government appeared. Defendant consented to proceed before a United States Magistrate Judge and pled "True" to all violations alleged in the Petition.

## Findings of the Court

1. Defendant violated the conditions of his supervised release by his conduct as alleged in the Petition.

2. Defendant received a copy of the Petition naming him; read the Petition or had it read to him; understood the Petition and the charges alleged against him; and had the opportunity to discuss the Petition and charges with his attorney.

3. Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

4. Defendant had both a factual and rational understanding of the proceedings against him.

5. Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

6. Defendant was sane and mentally competent at the time of these proceedings.

7. Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. Defendant understood all of his statutory and constitutional rights and desired to waive those rights.

9. Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. Defendant waived a reading of the charges against Defendant by the Government.

11. Defendant freely, intelligently, and voluntarily pled "True" to the violations of the conditions of his supervised release alleged in the Petition.

12. The Court finds that Defendant violated Mandatory Conditions No. 2 and 3, Standard Conditions No. 2, 5, and 7, and the Special Condition of his term of supervised release, as alleged in the Petition, and that there is a factual basis in support of those findings.

**Factors Considered**

The Court has considered the factors set out in 18 U.S.C. § 3583(e), which makes reference to most of the factors set out in 18 U.S.C. § 3553(a), that is:[1]

a. the nature and circumstances of the offense, § 3553(a)(1);
b. the history and characteristics of Defendant, (a)(1);
c. the need to afford adequate deterrence to criminal conduct, (a)(2)(B);
d. the need to protect the public, (a)(2)(C);
e. the need to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);
f. the kinds of sentence and the sentencing range recommended by the United States Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);
g. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6); and
h. the need to provide restitution to any victims of the offense, (a)(7).

**Recommendations**

The Court has carefully considered all of the arguments of counsel, Defendant's statements, and evidence presented by the parties, and has taken judicial notice of the pre-sentence report, as well as the Petition, Adjustment Summary, and Violation Conduct Computation prepared by the Probation Office. The Court also has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. Defendant's violation is a Grade C and his criminal history category is I, resulting in an (advisory) guideline range of 3 to 9 months of imprisonment.

The Court finds that revocation and imposition of a term of incarceration are mandatory under 18 U.S.C. § 3583(g)(3) and (4) because Defendant tested positive for illegal controlled substances more than three times over the course of one year and refused to comply with drug testing imposed as a condition of his supervised release.

---

[1] The Court did not consider the factors in § 3553(a)(2)(A): the seriousness of the offense, respect for the law, and just punishment.

In considering the required factors, the Court finds most compelling the need to afford adequate deterrence to supervised release noncompliance and Defendant's history and characteristics, including his admitted struggles with substance abuse and failure to avail himself of the opportunities for treatment offered during his first term of supervision.

For these reasons, the undersigned Magistrate Judge **RECOMMENDS** that Defendant's term of supervised release be **REVOKED** and that he be sentenced to **three (3) months incarceration, with twelve (12) months of supervised release to follow** on all conditions previously imposed by the Court plus the following special conditions:

1. The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant shall pay the costs of such treatment if financially able.

2. The defendant shall not use or possess any controlled substances without a valid prescription. If a valid prescription exists, the defendant must disclose the prescription information to the probation officer and follow the instructions on the prescription.

3. The defendant shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

4. The defendant shall not use or possess alcohol.

5. The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The

probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search shall be conducted at a reasonable time and in a reasonable manner.

### **Warnings**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on July 25, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE